## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Craig Hoglund and Christine Hoglund, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) **REPORT AND RECOMMENDATION** |
| vs. | ) |
| | ) |
| Commissioner of Internal Revenue, David | ) |
| J. Kautter,  Internal Revenue Service, its | ) |
| officers, employees, and corps including Dana | ) Case No. 1:18-cv-189 |
| (Hill) Fairchild, in her official capacity, and | ) |
| Doreen Peterson, her official capacity, et al., | ) |
| | ) |
| Defendants. | ) |

Before the court is defendants' motion to dismiss for insufficient service, lack of jurisdiction and failure to state a claim for which relief may be granted.  Also before the court are plaintiffs' motions for summary judgment, injunctive relief, and leave to file an amended complaint.  Judge Hovland has referred these motions to the undersigned for preliminary consideration.  For the reasons set forth below, the undersigned recommends dismissal of this action without prejudice on account of insufficient service and deem the remainder of the motions moot.

## I.   BACKGROUND

### A.   General Background

Unless otherwise indicated, the following facts are cobbled together from plaintiffs' complaint along with an affidavit and IRS records filed by defendants in support of their motion to dismiss.  The United States contends the latter are relevant to resolve the question of whether the court has jurisdiction.  Plaintiffs filed their 2006 and 2007 federal income tax returns on October 15, 2007, and October 15, 2008, respectively. (Doc. Nos. 1 at p. 4; 18-1 at p. 2; 18-2 at p. 2).  On May

1

11, 2009, the IRS assessed plaintiffs' additional tax liabilities for tax year 2006. (Doc. Nos. 18; 18-1 at pp. 2).

Plaintiffs filed amended or "completed" federal income tax returns for tax years 2006 and 2007 on October 15, 2007, and March 24, 2010. (Doc. Nos. 1, p. 4; 18-1, p. 3). On April 12, 2010, the IRS assessed plaintiffs additional tax liabilities for tax year 2007. (Doc. Nos. 18; 18-2 at p. 2).

Plaintiffs submitted to an examination by an IRS examiner on January 29, 2011. (Doc. No. 1, p. 4). They filed notice of their dispute with the examiner's report for tax year 2006 upon its issuance on May 2, 2011, and requested an appeal hearing. (Id.). On August 2, 2011, they received a second examiner's report that they also disputed. (Id. at pp. 4-5).

On or about August 14, 2012, the IRS filed notices of federal tax liens against plaintiffs. (Id. at p. 5; Doc. No. 18-1 at p. 3; 18-2 at p. 3). Plaintiffs claim they made payments under the belief that the liens would be removed. (Id,; Doc. Nos. 18-1 at pp. 4-5). The liens were not removed as plaintiffs had expected. (Doc. No. 1 at p. 4). Meanwhile, plaintiffs' requests for hearings on the examiner's reports and/or appeal hearings were denied. (Id. at pp. 5-6).

Plaintiffs' other efforts to have the IRS extinguish or remove the liens were unsuccessful. (Id. at pp. 5-6, 8). They filed an administrative claim against the IRS by way of letter dated March 17, 2017, which later was denied. (Id. at p. 8).

Plaintiffs also petitioned the United States Tax Court for relief with respect to the 2006 and 2007 tax years. (Id. at p. 6). On May 14, 2018, the tax court dismissed their case for lack of jurisdiction on grounds that it had not been timely filed. In the memorandum order granting the Commissioner's motion to dismiss, the court noted that "petitioners are not without recourse to challenge their liability; they may pay their outstanding liability and file a claim for refund."

Hoglund v. Commissioner, Doc. No. 18823-16 L, United States Tax Court, Order dated May 14, 2018.

As for the IRS' continued collection efforts, notices of intended levy were issued for the 2006 and 2007 tax years on March 13, 2017. Also, a notice of federal tax liens covering the two tax years was filed on June 15, 2018, and a lien-filing collection due process notice was issued on June 19, 2018. (Doc. No. 18-2).

Plaintiffs assert they are entitled to tax refunds for tax years 2006 and 2007. (Id.). The IRS, however, maintain that plaintiffs have outstanding liabilities as of the date of the filing of plaintiffs' complaint of $869.01 for tax year 2006 and $42,172.44 for tax year 2007—at least as of the time of the filing of the complaint. (Doc. Nos. 18; 18-1 at p. 10; 18-2 at p. 7).

### B.      Procedural History

Plaintiffs initiated the above-entitled action pro se on September 17, 2018. (Doc. No. 1). They appear, as best the undersigned can discern, to be taking issue with additional income tax, interest, and penalties assessed against them by the Internal Revenue Service ("IRS") for tax years 2006 and 2007.[1] They cite 26 U.S.C. §§ 6325, 7422, 7432, and 7433, 26 C.F. R § 301.7433-1, and various sections of the Internal Revenue Manual as the basis for this court's exercise of jurisdiction. In their Complaint, under heading "Claims," they incorporate by reference the administrative record.

> Per Tax Court Rule 210(b)(12) and Michael Thomas Garrett-Tex Court Bar No. GM0632, attorney representing the Commissioner in Docket No: 17639-17L before the United States Tax Court, the Administrative Record in possession of the Internal Revenue Service and the Commissioner of the Internal Revenue will contain all the Plaintiffs facts, financials disputes, and claims including all names, dates and specifics . . .

---

[1] If plaintiffs' had wanted to litigate issues other than the taxes, interest and penalties assessed to them in tax years 2006 and 2007, they failed to make their intent clear.

3

(Doc. No. 1). They go on to describe their interactions with the IRS in regards to their dispute over the assessment of liabilities for tax years 2006 and 2007. In so doing, they accuse various IRS employees with obstruction and flouting with IRS rules, regulations, and procedures. In their prayer for relief, they request tax refunds and compensatory damages for the alleged wrongful actions of defendants as outlined in their March 17, 2017, administrative claim letter, which they also incorporate by reference.

On December 17, 2018, defendants filed a motion to dismiss, a brief in support of the motion, the declaration of IRS Advisory Revenue Officer Sheryl McCanlies, a copy plaintiffs' administrative claim letter dated March 17, 2017, and copies of IRS Form 4340 for tax years 2006 and 2007. (Doc. Nos. 16-18). Reading the administrative claim letter in conjunction with plaintiffs' complaint, defendants identify three claims: (1) an attack on the merits of the tax assessments and an associated refund demand for a refund under 26 U.S.C. § 7422; (2) damages for failure to release a lien under 26 U.S.C. § 7432; and (3) damages for unlawful collection activities under 26 U.S.C. § 7433. Defendants go on to assert that this court lacks subject matter jurisdiction because the United States has not waived its sovereign immunity, that plaintiffs' complaint otherwise fails to state any cognizable claims, and that plaintiffs have not properly served the United States.

On January 14, 2019, plaintiffs filed a combined response to defendants' motion to dismiss and motion for summary judgment. (Doc. Nos. 19 and 20). Notably, they do not take issue with how defendants have construed their claims or categories of relief or otherwise take the position have asserted additional claims that defendants missed. Rather, they challenge the grounds for dismissal advanced by defendants. In so doing, they characterize defendants' assertion that they "did not pay the 'illegally calculated assessments' nor request refunds" as a "bold faced lie" because

4

" IRS records do show that [plaintiffs] paid [the IRS's] illegal assessment in dispute." (Doc. No. 19 at pp. 12–13).

On January 16, 2019, defendants filed an unopposed motion to stay this action, citing the lapse of appropriations and the resulting government shutdown. (Doc. No. 21). The court granted defendants' motion the following day. (Doc. No. 22).

On January 28 2019, defendants filed a motion to lift the stay as the Congress had appropriated funds for the Department of Justice. (Doc. No. 23).

On January 31, 2019, plaintiffs filed a combined motion for injunctive relief and response to defendants' January 16, 2019, unopposed motion to stay this action. (Doc. No. 24). That same day the court issued an order granting the defendants' motion to lift the stay and establishing a briefing schedule for the pending motions. (Doc. No. 27).

On February 14, 2019, defendants filed a response to plaintiffs' motion for injunctive relief and a reply in support of their motion to dismiss. (Doc. Nos. 28 and 29). On February 21, 2019, they filed a response to plaintiffs' motion for summary judgment. (Doc. No. 31).

On March 27, 2019, plaintiffs filed a motion seeking leave to file an amended complaint. (Doc. No. 31). That same day defendants filed a response in opposition to plaintiffs' motion for leave to amend the complaint (Doc. No. 33).

On June 19, 2019, plaintiffs filed proof of service on IRS Commissioner David J. Kaulter, IRS Revenue Officer Dana Fairchild (Hill), Doreen Peterson, and Christopher Myers, former U.S. Attorney for the District of North Dakota. (Doc. No. 34).

On September 16, 2019, the court received an eight-page letter from plaintiffs. In the letter plaintiffs advise, among other things, that the some of their accounts have been partially

abated/credited but they are still waiting for the IRS to "zero out" all of the assessments, lift all of the liens against them, and refund them $69,792 for tax year 2006 and $18,640 for tax year 2007.

## II.   DISCUSSION

### A.   This action involves only the 2006 and 2007 tax years and is a suit against the United States and its agency the Internal Revenue Service

It appears plaintiffs have disputes with the IRS involving a number of tax years. However, the complaint in this action, fairly construed, involves only the 2006 and 2007 tax years.

A suit against the IRS is treated as one against the United States. Jones v. I.R.S., 216 F. Supp. 2d 955, 958 (D. Neb. 2002), aff'd, 60 F. App'x 642 (8th Cir. 2003) (internal quotation marks omitted); see also Carelli v. IRS, 668 F.2d 902, 904 (6th Cir.1982). A suit against IRS employees in their official capacities is likewise treated as one against the United States. See, e.g., Buford v. Runyon, 160 F.3d 1199, 1201 (8th Cir.1998) ("[i]t is well settled that 'an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity'") (quoting Kentucky v. Graham, 473 U.S. 159, 166 (1985)).[2]

### B.   Defendants' Motion to Dismiss for Insufficient Service

Rule 4 of the Federal Rules of Procedure sets forth the following requirements for effectuating service on the United States and its agencies, officers or employees:

(1) United States. To serve the United States, a party must:

   (A)(i) deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought--or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk--or

      (ii) send a copy of each by registered or certified mail to the civil-process clerk at

---

[2] In their proposed amended complaint, plaintiffs seek to sue the United States. However, they already are doing so, which makes the proposed amendment redundant.

>   the United States attorney's office;
>
>   (B) send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
>
>   (C) if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.
>
> (2) Agency; Corporation; Officer or Employee Sued in an Official Capacity. To serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee.
>
> (3) Officer or Employee Sued Individually. To serve a United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf (whether or not the officer or employee is also sued in an official capacity), a party must serve the United States and also serve the officer or employee under Rule 4(e), (f), or (g).

Fed. R. Civ. P. 4(i)(1).

In this case, plaintiffs served the IRS Commissioner, at least one or more other IRS officials, and the office of the United States Attorney for the District of North Dakota. (Doc. No. 34). Defendants contend in their motion to dismiss that plaintiffs failed, however, to send a copy of the summons and complaint to the Attorney General of the United States.

In response, plaintiffs have not offered proof service upon the United States Attorney General. Rather, they contend they sent a copy of the summons and complaint to the North Dakota Attorney General's office and that this suffices. Unfortunately for plaintiffs, it does not.

In an action against the United States or one its officials, failure to serve the United States Attorney General is grounds for dismissal even if the other requirements for service have been satisfied and the United States has been aware of the suit through other channels. Hegmann v. United States, 745 F. Supp. 886, 891 (E.D.N.Y. 1990) (failure to timely serve the Attorney General required dismissal even though the U.S. Attorney's Office was properly served and had advised

7

main Justice of the pendency of the action); see also Dillehay v. Dep't of Hous. & Urban Dev., 334 F. App'x 53, 54 (8th Cir. 2009) ("Dillehay") (unpublished per curiam) (affirming the dismissal of a complaint against federal agencies for insufficient service of process for failure to serve the United States Attorney General); Whitfield v. American Federation of Government Employees, No. 5:18-cv-00229, 2020 WL 1310547, *2 (E.D. Ark. Mar. 18, 2020) ("Whitfield") (failure to mail a copy of the summons and complaint to the Attorney General of the United States and the U.S. Attorney's Office warranted dismissal of plaintiff's claims for lack of jurisdiction); Israel v. Everson, No. 4:05–cv–184, 2005 WL 3277981, at *8 (S.D. Iowa Oct. 14, 2005) (same); cf. Adams v. AlliedSignal Gen. Aviation Avionics, 74 F.3d 882, 885 (8th Cir.1996) (district court lacked jurisdiction over a defendant that was improperly service regardless of whether or not defendant had actual knowledge of lawsuit)

While Rule 4 provides some opportunity for relief from technical violations of its requirements, substantial compliance is not one of them. Rather, in situations such as this, Rule 4(i)(4) requires that a party be given a reasonable opportunity to cure the defect. But, if proper service is not then made, the court must dismiss the action without prejudice. E.g., Dillehay, supra; Whitfield, 2020 WL 1310547, *2; Fed. R. Civ. P. 4(m).

Here, plaintiffs have had more than a reasonable amount of time to correct the deficiency in that the defect in service was pointed out to them long ago by defendants' motion to dismiss. See, e.g., Kurzberg v. Ashcroft, 619 F.3d 176, 185 (2d Cir. 2010) ("notification to the plaintiff by the defendant, rather than by the court, of a defect in the service of process is sufficient to start the clock on the reasonable amount of time afforded to the plaintiff to cure the defect"). But, instead of attempting to cure the defect, plaintiffs chose to stand fast on their position that service upon the

North Dakota Attorney General sufficed.[3]

Finally, plaintiffs' lack of adherence to the requirements of Rule 4(i) is not excused by virtue of the fact they are proceeding pro se. See Soliman v. Johanns, 412 F.3d 920, 922 (8th Cir. 2005) ("Even pro se litigants must comply with court rules and directives."); see also Semler v. Klang, 603 F. Supp. 2d 1211, 1227 (D. Minn. 2009) ("Although we acknowledge that, as a pro se litigant, the Plaintiff is entitled to certain leniencies in the prosecution of his case, we cannot ignore the requirement that the Plaintiff effect proper service of process on the Defendants."); Hinz v. Washington Mut. Home Loans, No. 03-3203, 2004 WL 729239, at *2 (D. Minn. Apr. 2, 2004) (citing Sieg v. Karens, 693 F.2d 803, 807 (8th Cir.1982), for the proposition that "actual notice by a defendant of a suit does not lift the burden of the service requirement from a plaintiff."). They, like every other litigant appearing before the court, are bound by the rules.

### C. Defendants' Other Grounds for Dismissal

With defendants having elected to assert the defense of insufficient service of process and dismissal on this grounds being warranted, the undersigned recommends that the court not address the other grounds for dismissal. For one thing, it requires the court to wade into the intricacies of federal tax law and attempt to apply it in a confusing set of facts. Also, it requires consideration of matters outside of the pleadings in order to address defendants' argument that the court lacks subject matter jurisdiction.

The undersigned's concern about the latter is that the court might not have the full story in front of it. Particularly troublesome is a footnote in defendants' brief which states in part that: (1)

---

[3] Also, plaintiffs' statement in their motion for injunctive relief that they are remanding the complaint and summons to the United States also does not constitute service under Rule 4(i).

the IRS has "scheduled" an abatement of a miscalculated penalty for the tax year 2006, but had not yet "paid" it; and (2) the IRS Appeals Office has issued a determination to accept plaintiffs' 2006 and 2007 tax returns as filed and scheduled a refund to be paid plaintiffs but has not yet "paid" it.

What is not clear from the material submitted by the United States outside of the pleadings is when these two determinations of abatement and acceptance of plaintiffs' tax returns for the 2006 and 2007 tax years were made relative to the date of the filing of the complaint in this action. Why that *may* be of some significance requires some explanation.

Defendants' argument for why the court lacks subject matter jurisdiction over plaintiffs' claim for refund for the tax years 2006 and 2007 is the alleged failure of plaintiffs to first pay the amounts assessed by the IRS—a well-established condition precedent to being able to sue for a refund. See Pagonis v. United States, 575 F.3d 809, 812–13 (8th Cir. 2009) ("A taxpayer who has not paid an income tax assessment in full, however, generally may not file suit in district court to challenge the validity of the assessment."); Kaffenberger v. United States, 314 F.3d 944, 958 (8th Cir. 2003) ("Without full payment of the assessment, the district court lacks subject matter jurisdiction over the suit as it relates to the 1990 liability."); see also Shore v. United States, 9 F.3d 1524, 1526 (Fed. Cir.1993) (citing Flora v. United States, 362 U.S. 145, 150 (1960)).

In this case, to demonstrate there has not been complete payment, defendants have submitted an IRS Form 4320 for each of the tax years in question. Form 4320 purports to set forth the IRS's official record of tax assessments, payments, and other matters. As defendants correctly point out, IRS Form 4320 is admissible as evidence and carries with it a presumption of correctness sufficient to establish a prima facie case as to the amount of liability of a taxpayer. E.g., United States v. Miller, 661 Fed. App'x. 445, 447–48 (7th Cir. 2016); Perez v. U.S., 312 F.3d 191, 195 & nn.14–15

(5th Cir. 2002); United States v. Chila, 871 F.2d 1015, 1018–19 (11th Cir. 1989).

In this case, as noted earlier, the Form 4230 for each of the 2006 and 2007 tax years reflect that plaintiffs had outstanding tax liabilities as of the date of the filing of the complaint that had not been paid. Hence, according to the defendants, the court lacks subject matter jurisdiction for plaintiffs' claims for refund for 2006 and 2007.

Returning then to the IRS having scheduled an abatement of miscalculated penalty for tax year 2006, but had not yet "paid" it. If the IRS had made this determination prior to the filing of the complaint in this action, why in a suit for a refund would a taxpayer be required as a condition precedent to filing suit to pay an assessment that the IRS has itself determined not to be valid? And, for the 2006 tax year, it appears that, with the abatement of the assessment, there would be no outstanding liability to pay.

Likewise, the same is true with respect to the IRS Appeals Office having issued a determination to accept plaintiffs' 2006 and 2007 tax returns as filed and schedule a refund to be paid plaintiffs but which had not yet been "paid" or offset against other liabilities. If the IRS Appeals Office had issued the referenced determination prior to the filing of the complaint, why would a taxpayer have to pay anything at all as a condition precedent to filing suit for a refund if the IRS had already determined the taxpayer is entitled to a refund for the tax year(s) in question?

None of the cases cited by the government or that the undersigned has reviewed have held that Form 4320 is the "be all to end all." Rather, the presumption that it carries can be rebutted.[4]

---

[4] The same concern exists for defendants' argument that the complaint fails to state a claim for refund based on its failure to allege that all outstanding tax liabilities had been paid. Plaintiffs' allege in their complaint, however, that are entitled to a refund for the two tax years in question. For purposes of Fed. R. Civ. P. 12(b)(6), this would arguably be sufficient to state a claim for refund. It is only when Forms 4320 are considered that there may an issue, but, again, this begs the question of whether in fact anything was owed for one or both the tax years in question as of

11

At the end of the day, defendants might very well be right with respect their arguments for dismissal beyond insufficiency of service of process other grounds for dismissal. The point here is that the court need not go there if it dismisses the action without prejudice on grounds of insufficient service of process, which the Attorney General has elected to assert as defense—but, of course, was not required to.

### D. Plaintiffs' Motions to Amend, for Summary Judgment, and for Injunctive Relief

If the court dismisses this action without prejudice for insufficiency of service of process, plaintiffs' motions become moot and can termed for that reason.

### III. RECOMMENDATION

Based on the foregoing, it is **RECOMMENDED** that the court:

1. **GRANT** defendants' motion to dismiss (Doc. No. 16) but limited to the grounds of insufficient service of process (Doc. No. 16) and **DISMISS WITHOUT PREJUDICE** plaintiffs' complaint.

2. **DEEM AS MOOT** plaintiffs' motions to amend the complaint, for injunctive relief, and for summary judgment (Doc. Nos. 20, 24, 31).

---

the time of the filing of the complaint based upon determinations the IRS itself may have made.

## NOTICE OF RIGHT TO FILE OBJECTIONS

The parties shall have until June 15, 2020, to file objections to this Report and Recommendation.  See D.N.D. Civil L.R. 72.1(D)(3).  Failure to file appropriate objections may result in the recommended action being taken without further notice or opportunity to respond.

Dated this 28th day of May, 2020.

>  */s/ Charles S. Miller, Jr.*
>  Charles S. Miller, Jr., Magistrate Judge
>  United States District Court

.